

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 1, 1964

Honorable Norman W. Barr
County Attorney
Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. C-261

Re: Interpretation of Article
6.05b, Texas Election Code,
relative to the order of
party columns on the general
election ballot.

Your opinion request calls for an interpretation of the
following provision in Article 6.05b of the Texas Election Code,
as added by Section 35 of Chapter 424, Acts of the 58th Legis-
lature, 1963:

"In any election held at the expense of the
county, in which party columns appear on the
official ballot, the columns shall be arranged
in the following order, beginning on the left-
hand side of the ballot: (1) columns of parties
with state organization which have nominated
candidates to be voted on at the election,
arranged in the order of the number of votes
cast for each party's candidate for Governor
at the preceding general election, with the
party whose candidate for Governor received
the highest vote being placed in the first
column; * * *."

Your request reads as follows:

"We foresee a problem arising in the coming
general election over an interpretation of the
above article. What we need to know is in deter-
mining the party's place on the ballot if the
votes for the gubernatorial candidate are to be
considered on a state-wide or county basis, since
our county had a majority of Republican votes in
the last election, whereas on a state-wide basis
the Democratic candidate received the majority.
An opinion clarifying this interpretation would
be greatly appreciated."

In various articles of the Election Code we find references to the number of votes cast for a party's candidate for Governor as the basis for determining procedures to be followed in the nomination or election of officers. Article 6.01 provides that "the name of no candidate of any political party that cast two hundred thousand (200,000) votes or more for its candidate for governor at the last preceding general election shall be printed on any official ballot for a general election, unless nominated by primary election, on primary election day, except as herein otherwise provided." Article 13.02 provides that candidates to be nominated "by each organized political party that cast two hundred thousand (200,000) votes or more for governor at the last general election" shall be nominated in primary elections by the qualified voters of such party. Article 13.33, relative to referendum elections on party platform demands, provides that "upon petition of five per cent of the voters of the party, as shown by the total number of votes cast for Governor at the last preceding general primary," the state executive committee shall submit any such question or questions at the next general primary. Under Article 13.34, the number of precinct delegates to a county convention depends on the number of votes "cast for the party's candidate for Governor in such precinct at the last preceding general election," and the number of county delegates to the state convention depends on the number of votes "cast for the party's candidate for Governor in such county at the last preceding general election." Article 13.45 pertains to method of nomination by a party "whose nominee for Governor in the last preceding general election received less than two hundred thousand votes." Article 3158a, Vernon's Civil Statutes, applies to "political parties whose nominees for Governor in the last preceding general election received as many as ten thousand votes and less than two hundred thousand votes."

Thus, in making action depend on the number of votes received by a party's candidate for Governor the election laws customarily are referring to the number of votes received state-wide unless a lesser geographical area is specifically mentioned. In our opinion, this is the intended meaning of Article 6.05b. The quoted provision applies to parties with state organization; it bases the order of arrangement on the number of votes cast for the state-wide office of Governor; and it does not limit the geographical area in which the votes are cast.

You are advised that the number of votes for the gubernatorial candidates in the preceding general election are to be considered on a state-wide basis in determining the order of party columns on the ballot. Accordingly, the order of the columns for parties with state organization will be uniform in all counties throughout the State.

### SUMMARY

The order in which the columns of parties with state organization appear on a general election ballot is determined by the number of votes cast state-wide for each party's candidate for Governor at the preceding general election. Accordingly, the order of the columns for parties with state organization will be uniform in all counties throughout the State.

Yours very truly,

WAGGONER CARR
Attorney General

By Mary K. Wall
Mary K. Wall
Assistant

MKW:sj

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
Frank Booth
George Gray
Robert Lewis

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone